**3**
**J. RUSSELL CUNNINGHAM, SBN 130578**
**J. LUKE HENDRIX, SBN 271424**
**GABRIEL P. HERRERA, SBN 287093**
**NABEEL M. ZUBERI, SBN 294600**
**DESMOND, NOLAN, LIVAICH & CUNNINGHAM**
**1830 15th Street**
**Sacramento, California 95811**
**Telephone: (916) 443-2051**
**Facsimile: (916) 443-2651**

Attorneys for Sheri L. Carello
Chapter 7 Trustee

### UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>GRAIL SEMICONDUCTOR, a California corporation,<br><br>           Debtor. | Case No.: 15-29890-D-7<br>Chapter 7 |
| Sheri L. Carello, in her capacity as Trustee for the Bankruptcy Estate of Grail Semiconductor, a California corporation,<br><br>           Plaintiff,<br><br>vs.<br><br>DONALD STERN, BILLIONAIRE HOPE INTERNATIONAL, LTD., MOM OS, LLC, FRANK BAUDER, THE HONGKONG AND SHANGHAI BANKING CORPORATION LTD.,<br><br>           Defendants. | Adversary No. 16-02088<br><br>DNL-2<br><br><br>Date:  June 15, 2016<br>Time:  10:00 a.m.<br>Place:  501 I Street, 6th Floor<br>          Courtroom 34<br>          Sacramento, CA 95814 |

1

**APPLICATION FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF WRIT OF ATTACHMENT**

Plaintiff Sheri L. Carello ("Trustee"), in her capacity as the Chapter 7 trustee for the bankruptcy estate of GRAIL SEMICONDUCTOR, a California corporation ("Debtor"), hereby applies after hearing for a right to attach order and writ of attachment that attaches to DONALD STERN'S ("Stern") and BILLIONAIRE HOPE INTERNATIONAL, LTD.'S ("BHI") account in the amount of $2.75 million with THE HONGKONG AND SHANGHAI BANKING CORPORATION LTD. ("HSBC").

1. Defendant Stern is a natural person who does not reside in California and defendant BHI is a BVI entity owned by Stern.

2. Attachment is sought to secure recovery on a claim upon which attachment may issue under Code of Civil Procedure section 483.010 and Civil Code section 3439.07.

3. Attachment is not sought for a purpose other than the recovery on a claim upon which the attachment is based.

4. The Trustee has no information or belief that the claim is discharged or the prosecution of the action is stayed in a proceeding under title 11 of the United States Code.

5. The facts demonstrating the Trustee is entitled to a judgment on the claim upon which the attachment is based are set forth with particularity in the declarations filed in support of this application.

6. The amount to be secured by the attachment is $2,750,000, which is the amount of funds that were fraudulently transferred to Stern and BHI.

7. The Trustee is informed and believes that the following property sought to be attached for which a method of levy is provided is subject to attachment: Stern's and BHI's account and funds held with HSBC, which are the funds fraudulent transferred from the Debtor.

8. The Trustee is informed and believes that the property sought to be attached is not exempt from attachment.

9.     The defendants have yet to make an appearance, but the Trustee intends on serving the defendants with the application.

10.    The Trustee has sought a temporary protective order by application filed in conjunction with this application.  The application seeks a temporary protective order to prevent the dissipation of the account and funds held with HSBC described above.

11.    The Trustee has not filed an undertaking, pursuant to Federal Rule of Bankruptcy Procedure 7065.

**WHEREFORE**, the Trustee prays that her application be granted and for such other and further relief as the Court deems necessary and proper.

Dated: May ___, 2016              **DESMOND, NOLAN, LIVAICH & CUNNINGHAM**

By: _____

**J. RUSSELL CUNNINGHAM**
Attorneys for Sheri L. Carello
Plaintiff/Chapter 7 Trustee

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this day ___ of May 2016, at Sacramento, California.

_____

**SHERI L. CARELLO**

3