6

1  J. RUSSELL CUNNINGHAM, State Bar #130578
   J. LUKE HENDRIX, State Bar #271424
2  GABRIEL P. HERRERA, State Bar #287093
   NABEEL ZUBERI, State Bar #294600
3  DESMOND, NOLAN, LIVAICH & CUNNINGHAM
   1830 15th Street
4  Sacramento, California 95811
   Telephone: (916) 443-2051
5  Facsimile: (916) 443-2651

6  Attorneys for Sheri L. Carello
   Chapter 7 Trustee
7
                    UNITED STATES BANKRUPTCY COURT
8
                    EASTERN DISTRICT OF CALIFORNIA
9
                          SACRAMENTO DIVISION
10

11 | In re:                                  | Case No.: 15-29890-D-7
   |                                         | Chapter 7
12 |
   | GRAIL SEMICONDUCTOR, a California
13 | corporation,
   |
14 |
   |              Debtor.
15 |
   |─────────────────────────────────────────|
16 | Sheri L. Carello, in her capacity as Trustee for the | Adversary No. 16-02088
   | Bankruptcy Estate of Grail Semiconductor, a
17 | California corporation,                              | DNL-2
   |
18 |              Plaintiff,
   |                                                      | Date: June 15, 2016
19 | vs.                                                  | Time: 10:00 a.m.
   |                                                      | Place: 501 I Street, 6th Floor
20 | DONALD STERN, BILLIONAIRE HOPE                       |        Courtroom 34
   | INTERNATIONAL, LTD., MOM OS, LLC,                    |        Sacramento, CA 95814
21 | FRANK BAUDER, THE HONGKONG AND
   | SHANGHAI BANKING CORPORATION
22 | LTD.,
   |
23 |              Defendants.

24                    **NOTICE OF HEARING ON**
   **APPLICATION FOR RIGHT TO ATTACH ORDER AND ORDER FOR ISSUANCE OF**
25                    **WRIT OF ATTACHMENT**

26 TO: ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD.

27     **PLEASE TAKE NOTICE** that on June 15, 2016, at 10:00 a.m., in Department D of the

28

1

Case 16-02088    Filed 05/12/16    Doc 14

1 above-captioned court, located at 501 I Street, 6th Floor, Sacramento, California, SHERI L. CARELLO ("Trustee"), in her capacity as the Chapter 7 trustee for the bankruptcy estate of GRAIL SEMICONDUCTOR, a California corporation ("Debtor"), will and hereby does apply after hearing for a right to attach order and writ of attachment that attaches to DONALD STERN'S ("Stern") and BILLIONAIRE HOPE INTERNATIONAL, LTD.'S ("BHI") account in the amount of $2.75 million with THE HONGKONG AND SHANGHAI BANKING CORPORATION LTD. ("HSBC").

**UNDER CALIFORNIA LAW, ANY OPPOSITION IS DUE NO LATER THAN FIVE COURT DAYS BEFORE THE DATE SET FOR THE HEARING (AS DESCRIBED BELOW).**

### Cal. Code Civ. Proc. Section 484.050 Requirements

The request of the Trustee for an order is based upon the application, declarations filed and served with this notice, the memorandum of points and authorities in support of the application, the exhibits filed in support, and all papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

Your attention is directed to the following sections of the Code of Civil Procedure, Welfare and Institutions Code, and Civil Code that set forth when an attachment may or may not be issued, the manner of calculating the amount to be secured by the attachment, the court's discretion to include costs and attorney's fees, and special limitations on the amount to be secured by attachment in unlawful detainer proceedings: Code Civ. Proc., Sections 482.110, 483.010, 483.015, 483.020; Welf. & Inst. Code, Section 15657.01; and Civil Code Section 3439.07.

**You are notified that**

A right to attach order will be issued if the court finds at the hearing that the Trustee's claim is probably valid and the other requirements for issuing the order are established. This hearing may include both written and oral presentations but is not for the purpose of determining whether the claim is actually valid. Determination of the actual validity of he claim will be made

2

in subsequent proceedings in the action and will not be affected by the decision at the hearing on the application for the order.

If you desire to oppose the issuance of a right to attach order or object to the amount to be secured by the attachment as provided in Code of Civil Procedure section 483.015 (or Code of Civil Procedure section 483.020 in an unlawful detainer action or Civil Code section 3439.07), you must file with this court and serve on plaintiff (no later than **FIVE COURT DAYS** prior to the date set for hearing in item 3) a notice of opposition and supporting declaration or affidavit as required by Code of Civil Procedure section 484.060.

If a right to attach order is or has been issued, a writ of attachment will be issued to attach your property described in the Trustee's application unless the court determines that the property is exempt from attachment or that its value clearly exceeds the amount necessary to satisfy the amount to be secured by the attachment. However, since the right to attach order will not necessarily be limited to your property described in the Trustee's application, a writ of attachment may later be issued to attach other nonexempt property of yours.

If you claim that all or some portion of the property described in the Trustee's application is exempt from attachment, you must, no later than **FIVE COURT DAYS** prior to this hearing, include your claim of exemption in your notice of opposition filed and served pursuant to Code of Civil Procedure section 484.060 or file and serve a separate claim of exemption with respect to the property as provided in Code of Civil Procedure section 484.070.

If you fail to make a claim of exemption with respect to personal property, or make a claim of exemption with respect to real or personal property, but fail to prove that the property is exempt, any further claim of exemption with respect to the property will be barred unless you show a change in circumstances occurring after expiration of the time for claiming exemptions.

Claims of exemption resulting from a change of circumstances, whether after denial of a previous claim or expiration of the time for claiming exemptions, may be asserted as provided in Code of Civil Procedure section 482.100.

You may obtain a determination at the hearing whether property not described in the application is exempt from attachment. Your failure to claim that property not described in the

3

application is exempt from attachment will not preclude you from making a claim of exemption with respect to the property at a later time.

You may also obtain a determination at the hearing whether the amount sought to be secured by the attachment will be reduced by:

(1) the amount of any money judgment in your favor and against the Trustee that remains unsatisfied and enforceable;

(2) the amount of any indebtedness of the Trustee that you have claimed in a cross-complaint filed in the action if your claim is one upon which an attachment could be issued;

(3) the amount of any claim asserted by you as a defense in the answer pursuant to Code of Civil Procedure section 431.70 if the claim is one upon which an attachment could have been issued had an action been brought on the claim when it was not barred by the statute of limitations;

(4) the value of any security interest in your property held by the Trustee to secure the indebtedness claimed by the Trustee, together with the amount by which the value of the security interest has decreased due to the act of the Trustee or a prior holder of the security interest.

The amount to be secured by an attachment is determined pursuant to the following statutes:

(1) Code of Civil Procedure section 482.110. A writ of attachment may include an estimate of the costs and allowable attorney fees.

(2) Code of Civil Procedure section 483.010. An attachment may issue on a claim for $500 or more based on a contract, express or implied, exclusive of attorney fees, costs, and interest. If the claim was originally secured by an interest in real property (e.g., a mortgage or deed of trust), an attachment may issue only if the security has become valueless or has decreased in value to less than the amount owing on the claim, through no fault of the Trustee or the security holder.

(3) Code of civil Procedure section 483.015. The amount to be attached includes the amount of the indebtedness claimed by plaintiff, plus estimated costs and allowable attorney fees, reduced by the sum of the following:

(a) the amount of any unsatisfied money judgment held by defendant against the plaintiff;

(b) the amount of any indebtedness of the Trustee that the defendant has claimed in a cross-complaint filed in the action (if the defendant's claim is one upon which an attachment could be issued);

(c) The amount of any claim of the defendant asserted as a defense in the answer pursuant to Section 431.70 if the defendant's claim is one upon which an attachment could be issued had an action been brought on the claim when it was not barred by the statute of limitations; and

(d) The value of any security interest in the property of the defendant held by the plaintiff to secure the defendant's indebtedness claimed by the plaintiff, together with the amount by which the value of the security interest has decreased due to the act of the plaintiff or a prior holder of the security interest.

(4) Code of Civil Procedure section 483.020. An attachment ordered in an unlawful detainer proceeding may include:

(a) the amount of rent past due when the complaint is filed;

(b) an additional amount for the estimated rent due from the date the complaint was filed until the estimated date of judgment or delivery of possession to plaintiff; plus

(c) estimated costs and attorney fees.

Any prepaid rent or lease deposits held by the Trustee are disregarded in the calculation of the amount of attachment. However, the amount of attachment will be reduced by the amounts described in Code of Civil Procedure section 483.015.

(5) Civil Code section 3439.07. In an action for relief against a transfer may obtain an attachment or other provisional remedy against the asset transferred or its proceeds in accordance with the procedures described in Title 6.5 (commencing with Section 481.010) of Part 2 of the Code of Civil Procedure.

Either you or your attorney or both of you may be present at the hearing.

5

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH PLAINTIFF'S APPLICATION. THE ATTORNEY SHOULD BE CONSULTED PROMPTLY SO THAT THE ATTORNEY MAY ASSIST YOU BEFORE THE TIMES FOR FILING YOUR OPPOSITION AND CLAIMS OF EXEMPTION AND AT THE HEARING.**

Reference to the Application is suggested for more detail. A copy may be obtained from the Bankruptcy Court whose address appears below.

If you choose to file a response you may do so at:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
501 I Street, 3rd Floor
Sacramento, CA 95814

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it **FIVE COURT DAYS** before the date of the hearing. You must also mail a copy to:

| | |
|---|---|
| The Office of the U.S. Trustee<br>501 I Street, Suite 7-500<br>Sacramento, CA 95814 | Sheri L. Carello, Chapter 7 Trustee<br>c/o Desmond, Nolan, Livaich & Cunningham<br>1830 15th Street<br>Sacramento, CA 95811 |

If you or your attorney do not take the steps noted above, the Court may decide that you do not oppose the relief sought in the Application.

Dated: May 12, 2016

DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By: _____
J. RUSSELL CUNNINGHAM
Attorneys for Sheri L. Carello, Chapter 7 Trustee

6